DREW, J.
|, Dr. Herbert Yandenberg appeals a judgment denying his claim for funds held in trust and allegedly due him from the liquidation of businesses in which he had ownership. The trial court decided that the liquidation had been properly finalized and concluded that Yandenberg was not entitled to the funds held in trust in the liquidation. Having made a careful review of the record, we affirm the judgment of the trial court and direct that Vandenberg pay the costs of this appeal.
FACTS
Vandenberg and Marlin Mathis went into business together, with each having a 50% ownership interest in three juridical entities:
• NCL Hospitals, L.L.C.;
• Jackson Rehabilitation Services, Inc.; and
• Paradigm One, Inc.
These operations were owned and operated as a psychiatric hospital and clinics with Vandenberg providing the care and Mathis running the businesses. The working relationship between the two men became fractious, leading to this unhappy chronology:
• November 2003 — Liquidation proceedings were instituted.
• May 2004 — By consent judgment, the three enterprises were placed into dissolution, with attorney G. Wade Burnett being appointed as Liquidator.[1]
• December 2004 — The trial court approved the Joint Settlement and Mutual Release between Vandenberg, Mathis, and the Liquidator (Burnett), who was ordered: to pay certain debts, to send notice to all known creditors, to publish required notices, and, after the expiration |aof the statutory time limit[2] for notice of claims, to present a proposed final disbursement schedule, along with an order by which to terminate the proceedings.
• February 2005 — All known creditors received letters advising them of the situation, and a notice was published twice in four area newspapers. Both the correspondence and the publications legally triggered a requirement of action by any creditors desiring to present claims to the Liquidator.
• January 2006 — The Liquidator evaluated all claims made and requested authority to pay certain uncontested debts. The trial court approved the request.
• December 2006 — The Liquidator filed two rules, each being set for hearing on February 8, 2007:
(1) a rule regarding final payment of debts, and
(2) a rule regarding disputed funds held in trust.
*1212 • February 7, 2007 — The day before the rule date, Vandenberg filed an eleventh-hour claim for almost $60,000 allegedly due him (not a third party), relative to a “TriSpan” debt owed to NCL. The Liquidator properly chose not to honor this tardy and contractually unsupported claim.
• February 8, 2007-By stipulation of the parties, the trial court granted the rule regarding final payment of certain uncontested debts.
• February 8, 2007-The trial court also ruled that Mathis should receive all funds held in trust and further found that all requirements for a final liquidation had been met (over three years having passed since commencement of this litigation).
Vandenberg now takes exception to these rulings through this appeal.
DISCUSSION

Legality of Final Liquidation, Rejection of Eleventh-Hour Claim, Payment to Mathis of the Funds Remaining in Trust with the Liquidator

This appeal is controlled by the clear terms of the Joint Settlement Agreement and by the requirements of La. R.S. 12:147,[3] the provisions of Leach having been scrupulously followed by the Liquidator and the trial court. The statute in question has not been amended since 1968.
The Joint Settlement and Mutual Release Agreement requires no interpretation:
*1213 2. For and in consideration of Mathis’s release and waiver of all rights under that certain purchase agreement by and between Mathis and the Liquidator and further in consideration of the | ¿redemption of the entirety of Mathis’ membership interests and/or stock, as the case may be, in the Companies, the Liquidator shall transfer, convey and/or assign to Mathis, free and clear of any [and] all liens or other encumbrances, the following described properties:
C. All rights of NCL Hospitals, L.L.C. and Paradigm One, Inc. as regards such company’s rights of medicaid/medicare reimbursement and/or receivables and reimbursements due such companies from governmental agencies including, but not being limited to, those administered through that entity known and generally referred to as “TriSpan”; and
By the clear terms of the Settlement Agreement, Vandenberg is not entitled to receive any trust sums related to an NCL Hospital reimbursement, as administered by “TriSpan,” which is the exact nature of this contested $60,000 claim. A deal’s a deal.
These parties are clearly well educated and sophisticated investors, represented at all times by excellent counsel. The terms of the Joint Settlement Agreement were considered in detail prior to the parties’ entering into the agreement. Accordingly, Vandenberg’s claim to a portion of the proceeds in trust is invalid for two reasons:
• The claim is not allowable under the clear terms of the Joint Settlement Agreement.
• The claim comes far too late for consideration by the Liquidator and by the learned trial court.
The liquidation statutes set out a procedure to finalize unhappy proceedings such as these. The Liquidator and the trial court were reasonable and even-handed in all dealings herein. It was appropriate and lawful for the trial court to conclude the liquidation, and it was also appropriate and lawful that Mathis should receive the funds remaining in the hands of the Liquidator.
| ¿DECREE
We affirm the judgment of the learned trial court in all respects, with all costs of this appeal to be paid by appellant.
AFFIRMED, WITH ALL APPEAL COSTS TO BE PAID BY APPELLANT.

. The court notes and acknowledges the excellent and thorough services of the Liquidator in this rancorous and convoluted proceeding. Mr. Burnett could not be blamed if he never voluntarily agrees to serve in this capacity again.

. Six months.

. La. R.S. 12:147. Claims against corporation in liquidation; peremption
A. A corporation in liquidation may have the benefit of subsections C, D and E of this section by following the procedure set forth in subsection B of this section.
B. After the proceeding for dissolution has taken effect, notice thereof shall be (1) given by registered or certified mail to all known creditors of, to all persons believed to have valid and subsisting claims (excluding prescribed and time-barred claims) against, and to all persons having unfulfilled contracts with, the corporation, and (2) published once a week for two successive weeks in a newspaper of general circulation in the parish in which the corporation's registered office is located. Such notice shall call on the addressees to present their claims in writing and in detail, at a specified place and by a specified date, not less than six months after the notice was mailed. The giving and publication of such notice shall not be deemed an acknowledgment of the validity of any claim against the corporation, waiver of any defense or set-off to any such claim, interruption of prescription on, or tolling of any statute of limitation applicable to, any such claim, or revival of any claim which has been barred by any prescription, peremption or statute of limitations.
C. If any addressee of such notice shall not present his claim or claims as prescribed in the notice, such of his claims as would be enforceable against the corporation except for the provisions of this subsection shall, unless suit has been entered thereon in a court of competent jurisdiction before the final date prescribed in the notice for presentation thereof, be perpetually and peremptorily barred, except to the extent, if any, that the court may allow them against any remaining undistributed assets of the corporation on a finding that the claimant had some valid excuse for his failure so to present his claim.
D. All claims which would be enforceable by suit against the corporation except for the provisions of this subsection, on which suit has not been filed in a court of competent jurisdiction before the expiration of three years after the proceeding for dissolution takes effect (or, if the notice prescribed in subsection B of this section was not given and publication thereof commenced within one month after the proceeding takes effect, before the expiration of three years after the giving or completion of publication of the notice, whichever is later), shall be barred perpetually and peremptorily.
E. The time limits provided in subsections C and D of this section shall not be subject *1213 to suspension on any ground, or to interruption except by timely presentation of the claim as to subsection C or timely suit as to subsection D.
F. The provisions of subsections C and D of this section shall not preclude the enforcement at any time, without regard to whether a claim has been presented or a suit filed timely as prescribed in said subsections, of any valid and subsisting lien securing any claim against, or indebtedness of, the corporation.